

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2000 AUG 24  PM 1: 40
LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRENDA A. BURTON | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 00 - 0417 |
| | * | |
| | * | SECTION "G" |
| COMMUNITY SERVICES ENTERPRISES, INC. | * | |
| | * | MAGISTRATE (3) |

### PROTECTIVE ORDER BY CONSENT MOTION

Considering the Request for Production of Documents served by plaintiff, Brenda A. Burton, and counsel for plaintiff on defendant, Community Services Enterprises, Inc. ("CSE"):

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.

Any and all documents produced by CSE regarding CSE's financial affairs including, but not limited to, CSE's bank statements, federal and state tax returns, accounting statements, profit and loss statements, balance sheets, bill payments, and loan payments, and submitted in accordance with the instant Protective Order shall be considered "Confidential Information" in that such documents are highly confidential, personal, and sensitive in nature.

DATE OF ENTRY
AUG 2 5 2000

Fee_____
Process___
X /Dktd___
__ CtRmDep__
Doc.No. __19__

2.

Any and all documents produced by CSE regarding CSE's financial affairs including, but not limited to, CSE's bank statements, federal and state tax returns, accounting statements, profit and loss statements, balance sheets, bill payments, and loan payments, and submitted in accordance with the instant Protective Order shall be used solely for the purposes of negotiating a settlement between the respective parties.

3.

Should the parties fail to reach a settlement agreement, defendant CSE reserves the right to object to the admissibility of any and all documents produced by CSE regarding CSE's financial affairs including, but not limited to, CSE's bank statements, federal and state tax returns, accounting statements, profit and loss statements, balance sheets, bill payments, and loan payments, and submitted in accordance with the instant Protective Order.

4.

"Confidential Information" may be exhibited to and discussed with only the Qualified Persons set forth in this paragraph. "Qualified Persons" as used herein consists of the parties in this matter, their employees, agents, assigns, and affiliates; the Court and its officers; counsel of record, including other attorneys in the firm, law clerks, legal secretaries and paralegals; co-counsel, if any, and their legal staff; investigators, stenographic clerical employees; employees/agents of any party or any counsel who is directly involved in this litigation; consultants and independent experts employed by the parties described above, and any employees/agents of consultants and independent experts as described above.

475764_1                                     2

5.

Counsel for plaintiff shall execute an affidavit in the form attached hereto as **Exhibit "A"**. Plaintiff, Brenda A. Burton, shall execute an affidavit in the form attached hereto as **Exhibit "B"**. Counsel for Defendant shall maintain said affidavits until these proceedings are terminated.

6.

All documents designated as "confidential" shall be maintained under the control of counsel for the parties. Nothing herein shall restrict counsel from making working copies for use in their offices or the offices of other "Qualified Persons," which working copies shall be deemed "Confidential Information" under the terms of this Order. All "Confidential Information" in documentary form and all copies thereof shall be maintained in the offices of counsel.

7.

"Confidential Information" shall be used solely for the purpose of this litigation and shall not be used or offered for use in connection with any other litigation or proceedings of any kind or for any business, commercial, or other purposes.

8.

"Confidential Information" may only be disclosed to persons other than "Qualified Persons" who are or may be witnesses necessary for the preparation of this litigation for trial, provided, however, that no disclosure to such person shall be made until a signed affidavit in the form of **Exhibit "B"** from such person is given to defense counsel.

9.

Any pleadings or other documents filed with the Court (including any trial exhibits) by any party that have attached as exhibits or otherwise any Confidential Information or that contain any references to Confidential Information shall be filed enclosed in a sealed envelope that may

475764_1                                              3

only be opened by the Court and may only be viewed by the Court, the Court's law clerks, and the office staff for purposes of rendering orders and deciding the various issues in this action. The sealed envelope shall be clearly marked in large letters "Confidential Information", the contents of this envelope may only be viewed by the Judge or Magistrate Judges, their law clerks, and office staff. The Court shall make such further rulings as it deems necessary to preserve the confidentiality of any Confidential Information that any party seeks to use at trial.

10.

At the conclusion of the above-entitled action, any originals and reproductions of any documents subject to this Protective Order shall not be retained by the receiving party and shall be returned to the producing party. However, the provisions of this Protective Order insofar as they restrict the communication and use of the documents produced hereunder shall, unless otherwise stipulated in writing or pursuant to an order of the court, continue to be binding after the conclusion of this action.

11.

Nothing contained herein shall constitute a waiver of any ground for objecting to requests for discovery, nor shall the consent of the parties to the terms of this Order be deemed an admission or acknowledgment with respect to the relevance, competence, or admissibility in evidence of any protected information as to any issue in this litigation.

475764_1    4

12.

In the event of an intentional breach of this Protective Order, the offending party shall be subject to sanctions, including, but not limited to penalties for contempt of court, and reasonable damages, costs, and attorneys' fees incurred by moving party.

Dated this 23rd day of August, 2000.

_____
UNITED STATES MAGISTRATE JUDGE

Approved as to Form and Submitted By:

_Zenel A. Doucet_
ANDREW C. PARTEE, JR. (T.A.) (# 10380)
RONALD L. NAQUIN (# 9890)
ZENEL A. DOUCET (# 26267)
    -OF-
CHAFFE, McCALL, PHILLIPS,
  TOLER & SARPY, L.L.P.
1100 Poydras Street, 2300 Energy Centre
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
**Attorneys for Defendant
COMMUNITY SERVICES ENTERPRISES, INC.**

      -and-

_____
CHARLES DELBAUM (#22035)
WENDY HICKOK ROBINSON (#25225)
New Orleans Legal Assistance Corporation
Suite 1000, 144 Elk Place
New Orleans, Louisiana
Telephone: (504) 529-1000
**Attorneys for Plaintiff**

475764_1                                                5